Erick J. Haynie, OSB No. 982482
EHaynie@perkinscoie.com
Gabrielle D. Richards, OSB No. 114992
GRichards@perkinscoie.com
Jeffrey M. Peterson, OSB No. 115723
JeffreyPeterson@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Attorneys for Plaintiff LNV Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LNV CORPORATION**, a Nevada Corporation, | Case No. _____ |
| Plaintiff, | COMPLAINT |
| v. | |
| **ROBYNNE A. FAULEY**, a citizen of the State of Oregon; and **U.S. BANK NATIONAL ASSOCIATION**, | |
| Defendants. | |

Plaintiff LNV Corporation ("Lender"), for its complaint, alleges as follows:

**PARTIES**

**1.**

Lender is a corporation duly formed under the laws of the State of Nevada, with its

principal place of business in the state of Texas.

1-    COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**2.**

Defendant Robynne A. Fauley ("Borrower") is an individual citizen and resident of the State of Oregon.

**3.**

Defendant U.S. Bank National Association ("U.S. Bank") is a national banking association and a citizen of Ohio.

## JURISDICTION AND VENUE

**4.**

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**5.**

Venue is proper in the District of Oregon because Borrower resides in the State of Oregon and the real property at issue in this case is located in the State of Oregon.

## FACTS AND BACKGROUND

**6.**

The real property at issue in this case (the "Property") is legally described as Parcel 1, Partition Plat No. 1999-041, in the County of Clackamas and State of Oregon.  The Property is commonly known as 12125 Southeast Laughing Water Road, Sandy, Oregon 97055.

**7.**

On June 12, 2002, Washington Mutual Bank, F.A. ("Original Lender") made a $330,000 loan (the "Loan") to Borrower.

**8.**

The Loan is evidenced by that certain Note (the "Note") dated June 12, 2002, in the principal amount or $330,000.00, signed by Borrower and delivered to Original Lender.  A true and correct copy of the Note is attached hereto as **Exhibit A**.

2-   COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

79707-0018/LEGAL126996654.1

**9.**

Pursuant to the terms of the Note, the entire unpaid balance of the Loan is due and payable on the earlier of July 1, 2032, or upon acceleration of the Loan.

**10.**

The performance of Borrower's obligations under the Note are secured by a first position lien on the Property, as evidenced by that certain deed of trust ("Trust Deed") dated June 12, 2002 and recorded in the official records of Clackamas County, Oregon as Instrument No. 2002-057800 on June 20, 2002.  A true copy of the Trust Deed is attached as **Exhibit B**.

**11.**

The Note, the Trust Deed, and all other documents that evidence, secure, or relate to the Loan are hereinafter collectively referred to as the "Loan Documents."

**12.**

Original Lender negotiated the Note to Residential Funding Corporation by indorsing the Note to the order of Residential Funding Corporation and delivering possession thereto.

**13.**

Residential Funding Corporation negotiated the Note to Deutsche Bank Trust Company Americas as Trustee ("Deutsche Bank") by indorsing the Note to the order of Deutsche Bank and delivering possession thereto.

**14.**

Deutsche Bank negotiated the Note to Residential Funding Company, LLC by indorsing the Note to the order of Residential Funding Company, LLC and delivering possession thereto.

**15.**

Residential Funding Company, LLC negotiated the Note to Lender by indorsing the Note to the order of Lender and delivering possession thereto.

**16.**

Lender is currently in possession of the original Note and all of the above endorsements.

3-  COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**17.**

Lender is the current beneficiary of the Trust Deed: (1) by virtue of being the current payee and holder of the Note (performance of which the Trust Deed secured) indorsed to the order of Lender, and (2) pursuant to a series of duly executed and publicly recorded assignments of the Trust Deed, concluding with an assignment from Residential Funding Company, LLC to Lender, originally recorded on October 31, 2008 and re-recorded on April 17, 2012 in the official records of Clackamas County, Oregon, as Instrument Nos. 2008-074677 and 2012-023399. True and correct copies of the Trust Deed assignments are attached hereto as **Exhibit C**.

**18.**

Borrower breached the Note and Trust Deed by, among other things, failing to make payments when due. On or about August 15, 2012, Lender's loan subservicer sent Borrower a Notice of Default.

**19.**

Borrower has not cured the defaults, and the Note and Trust Deed, therefore, remain in default.

**20.**

Lender has not waived Borrower's defaults.

**21.**

Under Section 6 of the Note and Section 22 of the Trust Deed, Lender has declared and hereby declares the entire balance of principal, interest, and all sums secured by the Trust Deed now due and payable.

**22.**

U.S. Bank is the beneficiary of a second deed of trust recorded on October 31, 2003 in the official records of Clackamas County, Oregon, as Instrument Nos. 2003-146278. The second deed of trust is subsequent, subject, and inferior to the Trust Deed.

4-   COMPLAINT

79707-0018/LEGAL126996654.1

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**23.**

On October 12, 2005, Borrower filed for protection under Chapter 7 of the United States Bankruptcy Code, in the United States Bankruptcy Court, District of Oregon, Case No. 05-46193-tmb7.  A Discharge of debt was granted on February 1, 2006.

**24.**

This suit is not an attempt to collect a debt against Borrower and, therefore, does not violate the Bankruptcy Discharge Order.  This is an action to execute upon the Property as security for the debt owed under the terms of the Note and Trust Deed, and to foreclose all right, title, and interest of the Defendants, each and all of them, in the Property.

**25.**

In April 2013, Borrower filed a complaint in Clackamas County Circuit Court against Lender and several other defendants.  The case was subsequently removed to this Court and was captioned *Fauley v. Washington Mutual Bank FA, et al.*, Case No. 3:13-cv-00581-MO (the "Prior Action").  Borrower's complaint alleged various claims against Lender arising out of and relating to the Loan Documents.  By opinion and order dated November 4, 2014, Judge Mossman dismissed the Prior Action as against Lender and all other defendants, with prejudice.

**26.**

As of July 22, 2015, there was and still is due, owing, and payable on the Loan: (a) the principal sum of $297,689.08; (b) accrued interest in the amount of $116,109.77; (c) disbursements and advances of $27,119.99; (d) late charges of $2,182.70; and (e) miscellaneous charges, recording fees, inspection fees, foreclosure costs, attorney fees, and costs of suit not yet determined.  Interest on the unpaid principal accrues at the contractual yearly rate of 7.125% until the full amount of the principal has been repaid.  Thus, an additional $58.11 in interest must be added to the amount due for each day after July 22, 2015 to calculate the total amount due under the Loan.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**27.**

Section 22 of the Trust Deed provides that, following an event of default, Lender "may invoke the power of sale and any other remedies permitted by Applicable Law."

**28.**

On or about January 7, 2015, Lender duly executed an Oregon Foreclosure Avoidance Program Beneficiary Affidavit and delivered the same to the attorney general of Oregon.  The affidavit evidences Lender's qualification for exemption from the provisions of ORS 86.726(2) and (3).  A true and correct copy of the affidavit is attached hereto as **Exhibit D**.

**FIRST CAUSE OF ACTION**
**(Judicial Foreclosure of Trust Deed)**

**29.**

Lender re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1 through 28 above.

**30.**

On June 12, 2002, for valuable consideration, Borrower executed and delivered to Original Lender the Loan Documents, including the Trust Deed encumbering the Property.

**31.**

The Trust Deed is given to secure payment of the Note and performance of all of Borrower's obligations under the Loan Documents.

**32.**

Original Lender caused the Trust Deed to be duly recorded in the public records of Clackamas County.

**33.**

By virtue of the negotiation of the Note, Lender is the holder of the Note and the beneficiary of the Trust Deed.

6-   COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**34.**

Borrower has defaulted on her obligations under the Note and Trust Deed.

**35.**

Lender has performed all its obligations under the Note and Trust Deed.

**36.**

There are no other proceedings for the foreclosure of the Trust Deed. Lender has no adequate remedy at law.

**37.**

Lender is entitled to the judicial foreclosure of the Trust Deed and the sale of the Property as provided for by law and by the Trust Deed.

**38.**

Lender is entitled to a declaration that all other interests in the Property are inferior and subordinate to Lender's Trust Deed.

**39.**

In the event of foreclosure and sale of the Property, Lender or any other purchaser at the sale should be entitled to immediate possession of the Property.

**40.**

Lender is entitled to recover its reasonable attorney fees and costs incurred in bringing this action for judicial foreclosure, pursuant to Section 6(E) of the Note and Section 22 of the Trust Deed.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff LNV Corporation prays for the following relief:

A.     Judgment in favor of Lender, and against Borrower, in the amount of $443,101.54, plus prejudgment interest after July 22, 2015 accruing at the yearly rate of 7.125%, post judgment interest, advances made by Lender to protect its interests, and any other amounts to which Lender is entitled by law or pursuant to the Loan Documents (the "Judgment");

7-   COMPLAINT

B.      That it be further adjudged that: (1) the Trust Deed is valid; (2) the Trust Deed is superior to any interest, lien, right, title, or claim of the Defendants or any of them in the Property; (3) the foreclosure sale of the Property occur in the manner prescribed by law; (4) the proceeds from such sale first be applied to the costs of the sale and then toward satisfaction of the Judgment; (5) Lender is entitled to be a bidder and purchaser at the foreclosure sale of the Property; and (6) the Defendants, and each of them, and all persons claiming by, through, or under any of them as purchasers, encumbrancers, or otherwise are forever foreclosed of all interest or claim in the Property except for any statutory right of redemption.

C.      For judgment against Borrower for Lender's costs of suit including reasonable attorney fees, as allowed under the Loan Documents; and,

D.      For such other relief as the Court may deem just and proper.

DATED: July 29, 2015                      **PERKINS COIE** LLP


By: _s/Erick J. Haynie_____
    **Erick J. Haynie**, OSB No. 982482
    EHaynie@perkinscoie.coie
    **Gabrielle D. Richards**, OSB No. 114992
    GRichards@perkinscoie.com
    **Jeffrey M. Peterson**, OSB No. 115723
    JeffreyPeterson@perkinscoie.com
    1120 N.W. Couch Street, Tenth Floor
    Portland, OR  97209-4128
    Telephone:  503.727.2000
    Facsimile:  503.727.2222

    Attorneys for Plaintiff LNV Corporation

8-   COMPLAINT