**Erick J. Haynie**, OSB No. 982482
EHaynie@perkinscoie.com
**Jeffrey M. Peterson**, OSB No. 115723
JeffreyPeterson@perkinscoie.com
**PERKINS COIE** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Attorneys for Plaintiff
LNV Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LNV CORPORATION**, a Nevada corporation, <br><br> Plaintiff, <br><br> v. <br><br> **ROBYNNE A. FAULEY**, a citizen of the State of Oregon; and **U.S. BANK NATIONAL ASSOCIATION**, <br><br> Defendants. | Case No. 3:15-cv-01422-HZ <br><br> PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, RESPONSE TO DEFENDANT'S OBJECTIONS TO THE HAMILTON DECLARATION, AND PLAINTIFF'S OBJECTIONS TO THE WILLIAMS AFFIDAVIT |

SUMMARY JUDGMENT REPLY, RESPONSE TO
DEF.'S OBJECTIONS, AND PL.'S OBJECTIONS

79707-0018/129170879.4

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

# TABLE OF CONTENTS

Page

I.    LOCAL RULE 7-1(A) COMPLIANCE ........................................................... 1

II.   INTRODUCTION ...................................................................................... 1

III.  RELEVANT AND MATERIAL FACTS ........................................................ 2

IV.   ARGUMENT ............................................................................................ 3

      A.    As the holder of the Note and the beneficiary of the Trust Deed, LNV is
            entitled to judicial foreclosure ......................................................... 3

      B.    Ms. Fauley fails to raise any genuine issues of material fact ................ 6

            1.    The MGC emails do not establish a dispute of material fact .................... 6

            2.    No other entity can rightfully claim an interest in the Note or Trust
                  Deed ..................................................................................... 7

            3.    Ms. Fauley has admitted to defaulting on the Note and Trust Deed .......... 7

            4.    Ms. Fauley's disbelief as to the amount she owes under the Note
                  does not present an issue of material fact ...................................... 7

      C.    Ms. Fauley has not made the required showing to justify additional
            discovery ...................................................................................... 8

            1.    Discovery of the assignments of the Note and Trust Deed is
                  unnecessary ............................................................................ 9

            2.    Ms. Fauley fails to make the required showing that depositions are
                  necessary ............................................................................... 9

            3.    Ms. Fauley is not entitled to and does not need an accounting of
                  her loan .................................................................................. 9

      D.    The Hamilton Declaration and the exhibits thereto are admissible ..................... 10

            1.    The exhibits to the Hamilton Declaration have been authenticated
                  and are admissible evidence ...................................................... 10

            2.    Ms. Fauley's objections to the statements in Mr. Hamilton's
                  declaration are meritless .......................................................... 13

      E.    LNV objects to the Williams Affidavit pursuant to LR 56-1(b) .......................... 16

V.    CONCLUSION ........................................................................................ 19

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Allision v. Dolich*, No. 3:14-CV-1005-AC, 2015 WL 8207510 (D. Or. Dec. 7, 2015) ............... 13

*Brandrup v. ReconTrust Co., N.A.*, 353 Or. 668, 303 P.3d 301 (2013) .................................. 5, 6, 7

*Fraser v. Goodale*, 342 F.3d 1032 (9th Cir. 2003) ........................................................................ 13

*Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998 (9th Cir. 2004) ......................... 17

*Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107 (9th Cir. 2003) ............................................... 7

*In re Cook*, 457 F.3d 561 (6th Cir. 2006) .................................................................................... 11

*LNV Corp. v. Subramaniam*, No. 3:14-cv-1836-MO, 2015 WL 6123769 (D. Or. Oct. 16, 2015), *appeal docketed*, No. 15-35963 (9th Cir. Dec. 3, 2015) .................................. 3

*MRT Constr. Inc. v. Hardrives, Inc.*, 158 F.3d 478 (9th Cir. 1998) ............................................. 13

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051 (9th Cir. 2008).................. 17, 18

*Stevens v. Moore Business Forms, Inc.*, 18 F.3d 1443 (9th Cir. 1994) .................................. 13, 15

*Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090 (9th Cir. 2006)........................................ 8

*Theiss v. CitiMortgage, Inc.*, No. 6:12-cv-2215-PA, 2013 WL 4516764 (D. Or. Aug. 23, 2013) ............................................................................................................ 4, 5, 6, 7

*United States v. Estate of Oxarango*, No. CIV. 97-0085-S-BLW, 2008 WL 5411719 (D. Idaho Dec. 24, 2008).......................................................................................................... 12

**Statutes**

ORS 71.2010(2)(u)(A) ................................................................................................................... 4

ORS 73.0104(1) ............................................................................................................................ 5

ORS 73.0301 ............................................................................................................................. 4, 6

**Rules**

Fed. R. Civ. P. 7(b)(1)(C) .......................................................................................................... 10

Fed. R. Civ. P. 56(d) .............................................................................................................. 1, 8

Fed. R. Evid. 702(a) ............................................................................................................. 17, 18

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**TABLE OF AUTHORITIES**
**(continued)**

Page

Fed. R. Evid. 702(b)......................................................................................... 17, 18, 19

Fed. R. Evid. 803(6)......................................................................................... 12

Fed. R. Evid. 803(6)(A)-(C) ........................................................................... 12

Fed. R. Evid. 901 ............................................................................................ 11

Fed. R. Evid. 902(8)......................................................................................... 11

Fed. R. Evid. 902(9)......................................................................................... 10, 11

Fed. R. Evid. 902(11)....................................................................................... 12

Fed. R. Evid. 1003 ........................................................................................... 11, 14, 15

LR 7-1(a)........................................................................................................... 1, 10

LR 7-1(a)(3)...................................................................................................... 10

LR 7-1(b) .......................................................................................................... 10

LR 56-1(b) ........................................................................................................ 10

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Plaintiff LNV Corporation ("LNV") respectfully submits this Reply in Support of Plaintiff's Motion for Summary Judgment, Response to Defendant's Objections to the Hamilton Declaration, and Plaintiff's Objections to the Williams Affidavit.

## I.      Local Rule 7-1(a) Compliance

Pursuant to LR 7-1(a), the undersigned counsel for LNV conferred in good faith with counsel for Defendant Robynne A. Fauley by telephone on January 13, 2016, and the parties were unable to resolve the dispute over LNV's evidentiary objections to the Affidavit of Patrick F. Williams in Opposition to Plaintiff's Motion for Summary Judgment ("Williams Affidavit"), ECF No. 32.  LNV's objections to the Williams Affidavit are set forth in Section IV.E below.

## II.      Introduction

This is a foreclosure action.  Ms. Fauley admits receiving the loan at issue and not paying her mortgage for years.  Every other response by her is merely an unjustified attempt to delay the foreclosure that LNV has the right to pursue.  Ms. Fauley has failed to raise any genuine issue of material fact, and she has not shown that additional discovery is warranted under Rule 56(d).  Ms. Fauley's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment ("Opposition Memorandum"), ECF No. 35, ignores LNV's status as the holder of the Note and beneficiary of the Trust Deed and, instead, fixates on immaterial assignments of the Trust Deed.

The Court should overrule Ms. Fauley's objections to the Declaration of Grant A. Hamilton in Support of Plaintiff's Motion for Summary Judgment ("Hamilton Declaration"), ECF No. 24, because Ms. Fauley did not meet and confer or file a proper motion in lieu of stating her objections in the Opposition Memorandum.  In addition, her objections lack merit.

LNV objects to portions of the Williams Affidavit.  The Williams Affidavit contains testimony that: (1) constitutes impermissible opinions on ultimate issues of law, (2) is not helpful to understanding the evidence or facts, and (3) is not based on sufficient facts.  As discussed in

1-    SUMMARY JUDGMENT REPLY, RESPONSE TO
DEF.'S OBJECTIONS, AND PL.'S OBJECTIONS

79707-0018/129170879.4

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

this memorandum, portions of the Williams Affidavit should be stricken and, in any event, the affidavit provides no basis to deny summary judgment.

LNV does not object to Defendant's Request for Judicial Notice, ECF No. 36.  However, Magistrate Judge Acosta's Findings & Recommendations do not establish or present any issues of material fact that would preclude summary judgment for LNV.

LNV requests that the Court grant its motion for summary judgment because there is no genuine dispute as to any material fact and LNV is entitled to judgment as a matter of law.

### III.    Relevant and Material Facts

LNV is the holder of the Note.  (Hamilton Decl. ¶ 9.)  As LNV's custodian, LNV's trial counsel in this case has possession of the original Note and allonges in their firm safe and will bring them to any scheduled hearing for this motion.  (Decl. of Jeffrey M. Peterson in Supp. of Pl.'s Mot. for Summ. J. ("Peterson Decl.") ¶¶ 6-7.)  The endorsements on the Note and allonges show that the Note was transferred, in sequence, to Residential Funding Corporation, Deutsche Bank Trust Company Americas, Residential Funding Company, LLC, and finally, LNV. (Williams Aff. Exs. 1-3; Hamilton Decl. Ex. 1, at 2-4.)  The Note obligates Ms. Fauley to "pay U.S. $330,000.00 . . . plus interest" and to "pay principal and interest by making a payment every month."  (Williams Aff. Ex. 1, at 1; Hamilton Decl. Ex. 1, at 1.)  Under the Note, Ms. Fauley's failure to "pay the full amount of each monthly payment on the date it is due" is a "default." (Williams Aff. Ex. 1, at 1; Hamilton Decl. Ex. 1, at 1.)

The Trust Deed secures Ms. Fauley's payments of the amounts due under the Note. (Williams Aff. Ex. 4, at 2; Hamilton Decl. ¶ 8, Ex. 3, at 2.)  Ms. Fauley does "not deny that [she has] not made payments on the promissory note [she] signed in 2002 for many years."  (Aff. of Robynne Ariel Fauley in Supp. of Mem. in Opp'n to Mot. for Summ. J. ("Fauley Aff.") ¶ 2, ECF No. 34.)  In fact, she made a conscious "decision to stop making payments."  (*Id.* ¶ 5.) Ms. Fauley is in default on the Note.  (*See* Williams Aff. Ex. 1, at 1; Hamilton Decl. Ex. 1, at 1.)

2-    SUMMARY JUDGMENT REPLY, RESPONSE TO
       DEF.'S OBJECTIONS, AND PL.'S OBJECTIONS

79707-0018/129170879.4

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Ms. Fauley admits that she signed the Note.  (Fauley Aff. ¶ 2.)  In addition, Ms. Fauley does not deny that she signed the Trust Deed.  Furthermore, Ms. Fauley inspected the original Note, allonges, and Trust Deed at the offices of LNV's former counsel, RCO Legal, P.S. ("RCO"), on December 2, 2014.  (Decl. of John M. Thomas in Supp. of Pl.'s Mot. for Summ. J. ("Thomas Decl.") ¶¶ 5-6.)  The person who came to the inspection with Ms. Fauley even took pictures.  (*Id.* ¶ 6.)  Ms. Fauley's counsel knows that she has already inspected the original Note, allonges, and Trust Deed because he is the one who made the arrangements.  (*Id.* ¶ 4.)

Ms. Fauley has not asserted any affirmative defenses or counterclaims.

On February 26, 2014, and in connection with *Fauley v. Washington Mutual Bank, FA, et al.*, No. 3:13-cv-00581-AC (D. Or.) (the "Prior Action"), Ms. Fauley served 21 requests for production ("Prior RFPs") on LNV, which was a defendant in the Prior Action.  (Decl. of Kirsten A. Worley in Supp. of Pl.'s Mot. for Summ. J. ("Worley Decl.") ¶ 2, Ex. 1.)  LNV provided a written response to the Prior RFPs, and it produced responsive, non-privileged documents which were bates numbered LNV00001 to LNV00448 (the "Prior Production").  (*Id.* ¶¶ 3-4, Ex. 2.)  The Prior Production included, among other things, payment histories of Ms. Fauley's loan, Ms. Fauley's loan application and financial information, and copies of the Note, allonges, Trust Deed, and assignments of the Trust Deed.  (*Id.* ¶ 5.)

### IV.    Argument

**A.    As the holder of the Note and the beneficiary of the Trust Deed, LNV is entitled to judicial foreclosure.**

The indisputable material facts and the law establish that LNV is entitled to summary judgment.  To prevail on its claim for judicial foreclosure, LNV must "show that 1) [Ms. Fauley] executed a deed of trust to secure performance of an obligation to a beneficiary and that 2) [Ms. Fauley] breached that obligation."  *LNV Corp. v. Subramaniam*, No. 3:14-cv-01836-MO, 2015 WL 6123769, at *2 (D. Or. Oct. 16, 2015), *appeal docketed*, No. 15-35963 (9th Cir. Dec. 3, 2015).  LNV has met its burden.  The Trust Deed shows that Ms. Fauley executed it to secure her

3- SUMMARY JUDGMENT REPLY, RESPONSE TO
   DEF.'S OBJECTIONS, AND PL.'S OBJECTIONS

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

performance of the Note.  (Williams Aff. Ex. 4, at 2; Hamilton Decl. Ex. 3, at 2.)  The Note

obligates Ms. Fauley to make timely monthly payments.  (Williams Aff. Ex. 1, at 1; Hamilton

Decl. Ex. 1, at 1.)  Ms. Fauley admits that she breached that obligation by failing to make

"payments on the promissory note [she] signed in 2002 for many years."  (Fauley Aff. ¶ 2.)

Even if Ms. Fauley had not admitted to her breach, the testimony of Mr. Hamilton and the Payoff

Statement attached as Exhibit 5 to the Hamilton Declaration establish Ms. Fauley's breach.

(Hamilton Decl. ¶ 12, Ex. 5, at 1.)

There is no question that LNV is entitled to enforce the Note.  As Mr. Williams

acknowledges in his affidavit, the Note has been transferred to LNV by endorsement.  (Williams

Aff. ¶ 6(a)-(c), Exs. 1-3.)  Now, LNV, currently by and through its trial counsel as LNV's

custodian, has possession of the Note.  (Peterson Decl. ¶ 6.)  These facts are not subject to

reasonable dispute.

Moreover, as holder of the Note, LNV is entitled to enforce it and to pursue judicial

foreclosure on the Trust Deed.  "An instrument, such as a promissory note, may be enforced by

1) the holder of the instrument, 2) a non-holder in possession of the instrument, who has the

rights of a holder, or 3) a person not in possession of the instrument who is entitled to enforce

under other provisions."  *Theiss v. CitiMortgage, Inc.*, No. 6:12-cv-2215-PA, 2013 WL 4516764,

at *3 (D. Or. Aug. 23, 2013) (citing ORS 73.0301).  Under the Uniform Commercial Code-

General Provisions, a "holder" is the "person in possession of a negotiable instrument that is

payable either to bearer or to an identified person that is the person in possession."

ORS 71.2010(2)(u)(A).  The term "negotiable instrument" means:

> [A]n unconditional promise or order to pay a fixed amount of
> money, with or without interest or other charges described in the
> promise or order, if it:
>
> (a) Is payable to bearer or to order at the time it is issued or first
> comes into possession of a holder;
>
> (b) Is payable on demand or at a definite time; and

4-   SUMMARY JUDGMENT REPLY, RESPONSE TO
      DEF.'S OBJECTIONS, AND PL.'S OBJECTIONS

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

   (c) Does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain:

    (A) An undertaking or power to give, maintain or protect collateral to secure payment;

    (B) An authorization or power to the holder to confess judgment or realize on or dispose of collateral; or

    (C) A waiver of the benefit of any law intended for the advantage or protection of an obligor.

ORS 73.0104(1).

   The Note is a negotiable instrument. It is an unconditional promise by Ms. Fauley to pay a fixed amount of money, with interest and, potentially, other charges. (Williams Aff. Ex. 1, at 1; Hamilton Decl. Ex. 1, at 1.) The Note has been endorsed and is payable to LNV. (Williams Aff. Ex. 3; Hamilton Decl. Ex. 1, at 4.) In addition, the Note is payable at a definite time under Section 3 of the Note. (Williams Aff. Ex. 1, at 1; Hamilton Decl. Ex. 1, at 1.) Lastly, the Note does not require Ms. Fauley to do any act in addition to making the required payments, except to give security for the required payments. (Williams Aff. Ex. 1, at 1-2; Hamilton Decl. Ex. 1, at 1-2.) In sum, LNV is the holder of the Note and has the right to enforce it.

   As the Note holder, LNV is the beneficiary of the Trust Deed, irrespective of any separate assignments of the Trust Deed. A "trust deed follows the note by operation of law." *Brandrup v. ReconTrust Co., N.A.*, 353 Or. 668, 679 n.2, 303 P.3d 301 (2013); *see also Theiss*, 2013 WL 4516764, at *3 ("When a note is transferred by endorsement of the beneficiary, the deed of trust transfers with it by operation of law and it is not necessary to record such transfers."). LNV invoked this legal principle on page 8 of its motion, and Ms. Fauley offers no argument against it in her Opposition Memorandum. Furthermore, the Williams Affidavit completely fails to take it into account.

   Simply put, LNV is entitled to judicial foreclosure of the Trust Deed.

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**B.      Ms. Fauley fails to raise any genuine issues of material fact.**

Ms. Fauley claims that the Note and Trust Deed are invalid "because they went in different paths, were owned by separate entities, and the chain of title is irreparably broken." (Opp'n Mem. 2.)  Although Ms. Fauley acknowledges that the endorsements of the Note end with LNV as the last assignee, (Opp'n Mem. 3-4; Williams Aff. ¶ 6(a)-(c), Exs. 1-3), she argues that the "chain of title" with respect to the Trust Deed is broken.  (Opp'n Mem. 4-10; Williams Aff. ¶ 6(e)-(q).)  None of the factual issues that she raises with respect to the assignments of the Trust Deed are material because the "trust deed follows the note by operation of law." *Brandrup*, 353 Or. at 679 n.2; *see also Theiss*, 2013 WL 4516764, at *3.  Thus, even if Ms. Fauley is correct about the assignments of the Trust Deed, the factual issues surrounding the assignments are simply immaterial.

Ms. Fauley raises a few additional arguments that LNV addresses in turn.  First, she argues that LNV and LNV's loan servicer, MGC Mortgage Inc. ("MGC")[1], acknowledged that the "chain of custody" was "broken."  (Opp'n Mem. 7-8.)  Second, Ms. Fauley argues that "multiple entities . . . could claim ownership of the Note and Deed of Trust."  (*Id.* at 10.)  Third, Ms. Fauley argues that there is a dispute as to whether she is in default.  (*Id.* at 17.)  Lastly, she argues that she does not "believe" she owes "anything near LNV's claim of $461,960.32."  (*Id.* at 18.)

**1.      The MGC emails do not establish a dispute of material fact.**

The emails that are attached as Exhibit 12 to the Williams Affidavit are immaterial and, therefore, do not preclude summary judgment.  Although the emails discuss correcting the "chain of title," (Williams Aff. Ex. 12, at 1, 5), the emails do not contradict the endorsements that are on the Note and alonges.  Nothing in the emails changes the fact that LNV is the holder of the Note and is entitled to enforce it.  *See* ORS 73.0301.  Furthermore, the discussions in the emails about

---

[1] "LNV and MGC are affiliated entities with common ownership."  (Hamilton Decl. ¶ 1.)

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

the assignments of the Trust Deed are irrelevant and immaterial because the Trust Deed followed the Note. *See Brandrup*, 353 Or. at 679 n.2; *see also Theiss*, 2013 WL 4516764, at *3.

### 2.     No other entity can rightfully claim an interest in the Note or Trust Deed.

Ms. Fauley suggests that LNV cannot enforce the Note and foreclose on the Trust Deed because some other entity might claim an interest in the Note or Trust Deed.  (Opp'n Mem. 10.)  A nonmoving party cannot defeat summary judgment by relying on "unsupported conjecture or conclusory statements."  *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).  This argument is pure speculation and is belied by the fact that there is no evidence in the record that any other entity is attempting to collect from Ms. Fauley under the Note.  This point is all the more telling given how long Ms. Fauley admits she has deliberately withheld payments.  In any event, the endorsements on the Note and alonges and LNV's possession of the Note conclusively establish its right to enforce the Note.  *See* Section IV.A, *supra*.

### 3.     Ms. Fauley has admitted to defaulting on the Note and Trust Deed

Ms. Fauley remarkably contends that she is not in default on the Note and Trust Deed.  (Opp'n Mem. 17; Fauley Aff. ¶ 2.)  This argument is borderline frivolous.  By admitting her failure to make timely payments, she has admitted to default because a failure to make the required payments constitutes default under the Note and Trust Deed.  (*See* Williams Aff. Ex. 1, at 1, Ex. 4, at 2, 7; Hamilton Decl. Ex. 1, at 1, Ex. 3, at 2, 7.)  She cites to no authority that her "long-standing" customer service dispute with LNV somehow negates her failure to make monthly payments.  Ms. Fauley is not entitled to a free house from LNV or anyone else.

### 4.     Ms. Fauley's disbelief as to the amount she owes under the Note does not present an issue of material fact

Ms. Fauley does not believe that the payoff amount for her loan was $461,960.32 as of October 30, 2015.  (Opp'n Mem. 17-18.)  This statement of disbelief is exactly the sort of unsupported conjecture and conclusory statement that cannot defeat summary judgment under *Hernandez*.  The Payoff Statement shows how LNV calculated the payoff amount for

7-   SUMMARY JUDGMENT REPLY, RESPONSE TO
     DEF.'S OBJECTIONS, AND PL.'S OBJECTIONS

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Ms. Fauley's loan.  (Hamilton Decl. Ex. 5, at 1.)  In addition, LNV has twice produced loan

transaction histories for Ms. Fauley's loan.  (Peterson Decl. ¶ 4; Worley Decl. ¶ 5.)  Ms. Fauley

has not submitted any evidence to challenge LNV's calculation of the principal, interest, fees, or

charges that Ms. Fauley owes.  To the contrary, the evidence that Ms. Fauley has submitted

shows that MGC, as servicer for the loan, made corrections and modifications to the loan

transaction histories to her benefit.  (Williams Aff. Ex. 15.)  Ms. Fauley does not argue that

MGC's corrections and modifications were erroneous and presents no alternative calculation.

**C.      Ms. Fauley has not made the required showing to justify additional discovery.**

The Court should not allow time for additional discovery.  "A party requesting a

continuance pursuant to Rule 56(f) [now Rule 56(d)] must identify by affidavit the specific facts

that further discovery would reveal, and explain why those facts would preclude summary

judgment." *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

Pursuant to Rule 56(d), Ms. Fauley submitted the Affidavit of David P. Smith in Support of

Memorandum in Opposition to Motion for Summary Judgment ("Smith Affidavit"), ECF No. 33.

The Smith Affidavit is problematic because it fails to inform the Court that Ms. Fauley

previously served requests for production and received responsive documents related to her loan.

In connection with Ms. Fauley's lawsuit against LNV and others, LNV produced 448 pages of

documents in response to the Prior RFPs.  (Worley Decl. ¶ 4.)  It is evident that Mr. Smith and

Ms. Fauley have reviewed those documents because Exhibits 1, 2, 3, 6, 12, and 16 to the

Williams Affidavit bear LNV's bates numbers.  The Smith Affidavit fails to explain why

*additional* discovery is necessary, and it ignores LNV's Prior Production, which included,

among other things, payment histories of Ms. Fauley's loan, Ms. Fauley's loan application and

financial information, and copies of the Note, allonges, Trust Deed, and assignments of the Trust

Deed.  (*Id.* ¶ 5.)

In addition, the Smith Affidavit fails to identify the specific facts that discovery would

reveal and fails to explain how those facts are essential to opposing LNV's motion for summary

8-   SUMMARY JUDGMENT REPLY, RESPONSE TO
     DEF.'S OBJECTIONS, AND PL.'S OBJECTIONS

79707-0018/129170879.4

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

judgment.  Broadly speaking, the Smith Affidavit identifies the following three areas for discovery: (1) assignments of the Note and Trust Deed (Smith Aff. ¶¶ 2-3); (2) depositions of LNV, Mr. Hamilton, and other witnesses (*Id.* ¶ 3); and (3) the amount that Ms. Fauley owes under the Note (*Id.* ¶ 4).  LNV addresses each area in turn.

### 1.    Discovery of the assignments of the Note and Trust Deed is unnecessary.

Setting aside the fact that LNV has already produced non-privileged documents related to the Note, allonges, and Trust Deed, further discovery of the assignments of the Note and Trust Deed would be pointless because LNV is indisputably the holder of the Note, and the Trust Deed followed the Note by operation of law.  *See* Section IV.A, *supra*.  Ms. Fauley's stated doubt that LNV is the Note holder is not well taken because Ms. Fauley has already inspected the original Note and Trust Deed.  (Thomas Decl. ¶¶ 5-6.)  This is a fact that Mr. Smith knows because he personally arranged the inspection.  (*Id.* ¶ 4.)  Any lingering doubt as to whether LNV holds the Note is resolved by the fact that LNV has possession of the Note, currently by and through its trial counsel as its custodian, and that its counsel will bring the Note to the hearing on this motion, should the Court hear oral argument.  (Peterson Decl. ¶¶ 6-7.)

### 2.    Ms. Fauley fails to make the required showing that depositions are necessary.

The Smith Affidavit fails to identify a single fact that Ms. Fauley expects to discover by deposing certain individuals and entities.  (Smith Aff. ¶ 3.)  In addition, the Smith Affidavit fails to explain how the depositions are essential to opposing this motion.  Moreover, the affidavit is inaccurate.  Ms. Fauley has had an opportunity to notice depositions; she simply has not taken that opportunity.  The Court should deny her request for additional time to take depositions.

### 3.    Ms. Fauley is not entitled to and does not need an accounting of her loan.

Ms. Fauley has not asserted any affirmative defenses or counterclaims that would potentially entitle her to an accounting of her loan.  In any event, the Smith Affidavit fails to identify specific facts to be discovered and to explain how such facts are necessary to oppose the motion for summary judgment.  LNV has produced the loan transaction histories to Ms. Fauley,

9- SUMMARY JUDGMENT REPLY, RESPONSE TO DEF.'S OBJECTIONS, AND PL.'S OBJECTIONS

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

(Peterson Decl. ¶ 4; Worley Decl. ¶ 5), and the Payoff Statement shows how much Ms. Fauley owed as of October 30, 2015, (Hamilton Decl. Ex. 5, at 1).  Ms. Fauley has not questioned any specific entry in any of the loan transaction histories or any amount or charge on the Payoff Statement.  Further, she has not asserted any specific loan payment information to which she is entitled and that she believes LNV or its servicers have.

**D.**    **The Hamilton Declaration and the exhibits thereto are admissible.**

Separate from the Opposition Memorandum, Ms. Fauley filed Defendant's Evidentiary Objections to Evidence Offered in Support of Plaintiff's Motion for Summary Judgment ("Defendant's Objections"), ECF No. 37.  The Court should overrule Defendant's Objections for failure to comply with the Federal Rules of Civil Procedure and the Local Rules.  First, Ms. Fauley's counsel did not meet and confer with LNV's counsel as required under LR 7-1(a), and Defendant's Objections do not contain the required certification of conferral.  This alone is sufficient basis to overrule the objections.  *See* LR 7-1(a)(3).  Second, Defendant's Objections fail to state the relief sought in a separate section under the heading "Motion," as required by Rule 7(b)(1)(C) and LR 7-1(b).  Although Ms. Fauley could have included her evidentiary objections to the Hamilton Declaration in her Opposition Memorandum pursuant to LR 56-1(b), she did not do so.  The Court should overrule Ms. Fauley's objections.

More importantly, in addition to Ms. Fauley's failure to comply with the procedural rules, the Court should overrule Ms. Fauley's objections on the merits.  Ms. Fauley takes issue with the statements in the Hamilton Declaration and the exhibits attached thereto.  Establishing the admissibility of the exhibits resolves many of Ms. Fauley's objections.  Therefore, the following analysis begins with the exhibits to the Hamilton Declaration.

**1.**    **The exhibits to the Hamilton Declaration have been authenticated and are admissible evidence.**

Exhibit 1 is a true and correct copy of the Note and allonges.  (Hamilton Decl. ¶ 7.)  The Note and allonges are self-authenticating documents under Federal Rule of Evidence 902(9).

10-  SUMMARY JUDGMENT REPLY, RESPONSE TO
     DEF.'S OBJECTIONS, AND PL.'S OBJECTIONS

79707-0018/129170879.4

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

"The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted: . . . (9) Commercial paper, a signature on it, and related documents, to the extent allowed by general commercial law." Fed. R. Evid. 902(9); *see also In re Cook*, 457 F.3d 561, 566 (6th Cir. 2006) (holding that a "promissory note is self-authenticating evidence"). Under Federal Rule of Evidence 1003, a "duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." There is no genuine question about the original Note and allonges' authenticity and the circumstances do not make it unfair to admit the true and correct copy of the Note and allonges because Ms. Fauley has already inspected the originals and LNV's trial counsel will bring them to any hearing scheduled for this motion. (Thomas Decl. ¶¶ 5-6; Peterson Decl. ¶ 7.)

The true and correct copies of the Trust Deed (Exhibit 3), the Assignment of Deed of Trust from Residential Funding Company, LLC to LNV (the "Assignment") (Exhibit 4), and the Beneficiary Exemption Affidavit (Exhibit 7) are self-authenticating documents because the originals were notarized. "A document accompanied by a certificate of acknowledgment that is lawfully executed by a notary public or another officer who is authorized to take acknowledgments" is self-authenticating. Fed. R. Evid. 902(8). The copies are admissible under Federal Rule of Evidence 1003.

Mr. Hamilton authenticated the true and correct copies of the HUD-I Settlement Statement (Exhibit 2), Payoff Statement (Exhibit 5), and Notice of Default (Exhibit 6). "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901. Mr. Hamilton states that he has "primary responsibility for the administration of the residential loan that is the subject of this judicial foreclosure action" and that he is fully familiar with the facts and circumstances of this matter based upon his personal experience, knowledge of the history of Ms. Fauley's loan, and his review of the documents that are attached

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

as exhibits to his declaration.  (Hamilton Decl. ¶¶ 1-2.)  In addition, Mr. Hamilton states that Exhibits 2, 5, and 6 are true and correct copies.  (Hamilton Decl. ¶¶ 7, 12, 13.)  This is sufficient to support a finding that those exhibits are what he claims.  *See United States v. Estate of Oxarango*, No. CIV. 97-0085-S-BLW, 2008 WL 5411719, at *4 (D. Idaho Dec. 24, 2008).

In any event, the Payoff Statement, Notice of Default, and HUD-I Settlement Statement are self-authenticating business records under Federal Rule of Evidence 902(11).  "The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C)" is self-authenticating. Fed. R. Evid. 902(11).  Federal Rule of Evidence 803(6)(A)-(C) require that: "the record was made at or near the time by—or from information transmitted by—someone with knowledge"; "the record was kept in the course of a regularly conducted activity of a business"; and "making the record was a regular practice of that activity."

Mr. Hamilton "is the Vice President of Compliance and Operations of MGC Mortgage, Inc." and has "primary responsibility for the administration of" Ms. Fauley's loan.  (Hamilton Decl. ¶ 1.)  "MGC is the authorized loan servicer for LNV."  (*Id.*)  In a supplemental declaration filed concurrently herewith, Mr. Hamilton states that the "Payoff Statement and Notice of Default . . . are MGC records that were made at or near the time of the recorded acts, events, conditions, or opinions by—or from information transmitted by—someone with knowledge." (Suppl. Decl. of Grant A. Hamilton in Supp. of Pl.'s Mot. for Summ. J. ("Suppl. Hamilton Decl.") ¶ 5.)  In addition, the Payoff Statement and Notice of Default are kept in the ordinary course of MGC's business of servicing mortgage loans, (Hamilton Decl. ¶¶ 3-4), and "making the Payoff Statement and the Notice of Default was a regular practice of servicing Ms. Fauley's residential loan," (Suppl. Hamilton Decl. ¶ 5).

The HUD-I Settlement Statement was not originally an MGC document, but it still admissible under Federal Rules of Evidence 803(6) and 902(11).  The Ninth Circuit "has held that records a business receives from others are admissible under Federal Rule of Evidence 803(6) when those records are kept in the regular course of that business, relied upon by that

12-  SUMMARY JUDGMENT REPLY, RESPONSE TO
       DEF.'S OBJECTIONS, AND PL.'S OBJECTIONS

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

business, and where that business has a substantial interest in the accuracy of the records." *MRT Constr. Inc. v. Hardrives, Inc.*, 158 F.3d 478, 483 (9th Cir. 1998).  Mr. Hamilton states:

> MGC . . . received the HUD-I Settlement Statement . . . in the regular course of business.  LNV and MGC, as LNV's loan servicer, rely upon the HUD-I Settlement Statement in the course of servicing Ms. Fauley's residential loan that is at issue in this case.  In addition, LNV and MGC have a substantial interest in the accuracy of the HUD-I Settlement Statement because it is a document signed by the borrower that shows the total amount of the loan and how the loan proceeds were to be used.

(Suppl. Hamilton Decl. ¶ 4.)

In sum, Exhibits 1 through 7 of the Hamilton Declaration are admissible.  In any event, the Court may consider Exhibits 1 through 7 on this motion because any issues regarding their admissibility could be resolved at trial.  *See Allision v. Dolich*, No. 3:14-CV-1005-AC, 2015 WL 8207510, at *2 (D. Or. Dec. 7, 2015) (citing *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form.  We instead focus on the admissibility of its contents.")).

## 2.    Ms. Fauley's objections to the statements in Mr. Hamilton's declaration are meritless.

Having established the admissibility of the exhibits to the Hamilton Declaration, Ms. Fauley's objections to the statements in the Hamilton Declaration are without merit.

### a.    Objection No. 1: hearsay and the best evidence rule.

Ms. Fauley objects to the entire Hamilton Declaration as hearsay and a violation of the best evidence rule.  (Def.'s Objs. 3.)  This objection makes no sense.  For example, Mr. Hamilton's statement that he is the Vice President of Compliance and Operations of MGC is not hearsay and does not in any way implicate the best evidence rule.  More to the point, however, the Court should overrule the hearsay objection because Mr. Hamilton's statements about the admissible exhibits are not hearsay.  *See Stevens v. Moore Business Forms, Inc.*, 18 F.3d 1443, 1449 (9th Cir. 1994) (holding that declaration testimony regarding records that fall within the business records exception to the hearsay rule is not hearsay).  The Court should also

13-  SUMMARY JUDGMENT REPLY, RESPONSE TO
     DEF.'S OBJECTIONS, AND PL.'S OBJECTIONS

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

overrule the objection based upon the best evidence rule because copies of originals are sufficient. *See* Fed. R. Evid. 1003.

b.      **Objection No. 2: improper expert testimony from a non-expert.**

Ms. Fauley fails to identify in this objection which statements she finds objectionable. The Court should overrule this objection because Mr. Hamilton does not offer his opinion in the Hamilton Declaration. Mr. Hamilton merely testified to the contents of the business records he reviewed and attached to his declaration and to facts related to Ms. Fauley's loan based upon his knowledge of her loan file and loan history.

c.      **Objection No. 3: lack of personal knowledge.**

Somewhat bizarrely, Ms. Fauley objects that Mr. Hamilton does not have personal knowledge of Ms. Fauley's loan because Mr. Hamilton is not an employee of LNV. This objection is frivolous. Mr. Hamilton states that MGC is the authorized loan servicer for LNV; that LNV and MGC are affiliated entities with common ownership; that he has primary responsibility for the administration of Ms. Fauley's loan; and that he has personal knowledge of Ms. Fauley's loan. (Hamilton Decl. ¶¶ 1-2.) It is immaterial that Mr. Hamilton is not an employee of LNV.

d.      **Objection No. 4: lack of personal knowledge.**

Ms. Fauley objects to Mr. Hamilton's statement in paragraph 5 of his declaration that the Note is secured by the Trust Deed on the ground that Mr. Hamilton lacks personal knowledge. However, the basis for the objection is unclear because she also states that Mr. Hamilton's statement is a legal conclusion.

Regardless of the grounds for the objection, the self-authenticating Trust Deed makes clear that it secures the Note. (*See* Hamilton Decl. Ex. 3, at 1, 2.) Mr. Hamilton's statement that the Note is secured by the Trust Deed reflects his personal knowledge and understanding of the Note and Trust Deed, which are self-authenticating documents.

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

e.    **Objection No. 5: legal conclusion, hearsay, best evidence rule, and lack of personal knowledge.**

Ms. Fauley objects to Mr. Hamilton's statement that Washington Mutual Bank, FA made a loan to Ms. Fauley and other statements about the origination and security for the loan.  (Def.'s Objs. 4.)  This objection is without merit.  On its face, the Note provides:  "In return for a loan that I have received, I promise to pay U.S. $330,000.00 (this amount is called the 'Principal'), plus interest, to the order of the Lender.  The Lender is WASHINGTON MUTUAL BANK, FA."  (Hamilton Decl. Ex. 1, at 4.)  The Trust Deed, on its face, secures Ms. Fauley's repayment of the debt evidenced by the Note.  (*Id.* Ex. 3, at 1, 2.)  Mr. Hamilton's statements reflect his personal knowledge and understanding of the admissible business records and are not hearsay.  *See Stevens*, 18 F.3d at 1449 (holding that statements that prove the witness's knowledge are not hearsay).  In her objection, Ms. Fauley fails to identify any legal conclusion in paragraphs 6-8, and the best evidence rule does not apply because true and correct copies are admissible to the same extent as originals.  Fed. R. Evid. 1003.

f.    **Objection No. 6: legal conclusion, hearsay, best evidence rule, and lack of personal knowledge.**

For the same reasons that the Court should overrule Objection No. 5, the Court should overrule Objection No. 6.  The statements in the Hamilton Declaration reflect his personal knowledge and understanding of the Note, allonges, and Assignment.  These statements are not legal conclusions or hearsay, and the best evidence rule simply does not apply.

g.    **Objection No. 7: legal conclusion, hearsay, best evidence rule, and lack of personal knowledge.**

The gravamen of this objection is that Mr. Hamilton is not an employee of LNV.  (Def.'s Objs. 5.)  This objection is meritless for the reasons stated in LNV's responses to Objection Nos. 1 and 3, above.  LNV is entitled to use an agent to service its loans.  That agent can be a non-individual legal entity.  That entity in turn can hire employees to carry out the entity's agency.  Those employees of the agent, such as Mr. Hamilton, can act on behalf of the principal

15-  SUMMARY JUDGMENT REPLY, RESPONSE TO DEF.'S OBJECTIONS, AND PL.'S OBJECTIONS

79707-0018/129170879.4

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

LNV.  In this case, the agent, MGC, and the principal, LNV, are affiliated companies with common ownership.  (Hamilton Decl. ¶ 1.)

Moreover, the statements in the Hamilton Declaration reflect his personal knowledge and understanding of the Note, allonges, and Assignment.  These statements are not legal conclusions or hearsay, and the best evidence rule does not apply.

> **h.     Objection No. 8: legal conclusion, hearsay, best evidence rule, and lack of personal knowledge.**

Ms. Fauley's purported objection, in its entirety, is: "In paragraphs 11-13, Mr. Hamilton claims that Ms. Fauley is in default under the Note and that her failure to make full and timely payments on the Note was a breach of the Deed of Trust."  (Def.'s Objs. 6.)  It is true that this is the gist of Mr. Hamilton's declaration testimony.  However, it is not objectionable.  The statements in paragraphs 11-13 reflect Mr. Hamilton's personal knowledge and understanding of the Note, Trust Deed, Payoff Statement, and Notice of Default.  The best evidence rule does not apply.

In sum, the Court should overrule all of Ms. Fauley's evidentiary objections because Ms. Fauley failed to comply with the Federal Rules of Civil Procedure and this Court's Local Rules and the objections are without merit.

**E.     LNV objects to the Williams Affidavit pursuant to LR 56-1(b).**

The Williams Affidavit contains testimony that: (1) constitutes impermissible opinions on ultimate issues of law, (2) is not helpful to understanding the evidence or facts, and (3) is not based on sufficient facts.  Portions of the Williams Affidavit should be stricken.

LNV objects to paragraphs 12 and 13 of the Williams Affidavit and moves to strike them because they contain inaccurate legal conclusions and relate to erroneous legal theories. Paragraphs 12 and 13 state:

> It is clear the Note and Deed have not followed the same path through the same entities, that the chain of title is horribly broken, and that LNV does not have any security interest on a Note at this time.  Given the multiple entities that could claim ownership of the

16-  SUMMARY JUDGMENT REPLY, RESPONSE TO
     DEF.'S OBJECTIONS, AND PL.'S OBJECTIONS

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

> Note and Deed of Trust, it is also my opinion that the broken chain
> of title cannot be cured or repaired.
>
> It is also my professional opinion that LNV Corporation and/or its
> affiliate MGC Mortgage, Inc. have no standing to foreclose on this
> property in that they cannot legitimately claim ownership or title to
> the Note and Deed of Trust.

(Williams Aff. ¶¶ 12-13.)

Paragraphs 12 and 13 contain impermissible opinions as to Mr. Williams's legal conclusions. An "expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (quoting *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004)). Here, Mr. Williams offers his opinion on his legal conclusions when he states: "LNV does not have any security interest on a Note at this time"; "the broken chain of title [of the Note and Trust Deed] cannot be cured or repaired"; and "LNV Corporation and/or its affiliate MGC Mortgage, Inc. have no standing to foreclose on this property in that they cannot legitimately claim ownership or title to the Note and Deed of Trust." (Williams Aff. ¶¶ 12-13.)

In addition, paragraphs 12 and 13 fail to take into account the law on the rights of note holders and the status of note holders as the beneficiaries of the trust deeds that secure the notes. *See* Section IV.A, *supra*. In this regard, paragraphs 12 and 13 are not helpful to understanding the evidence and facts. *See* Fed. R. Evid. 702(a). Moreover, a "district court may exclude evidence relating to erroneous or inapplicable legal theories." *Nationwide*, 523 F.3d at 1060. Paragraphs 12 and 13 implicitly rely upon "erroneous or inapplicable legal theories" about a made-up requirement that the assignments of a note and deed of trust must be in lock step.

LNV moves to strike paragraph 9. The basis for LNV's objections are that the opinions are not based on sufficient facts or data, *see* Fed. R. Evid. 702(b), and that the opinions are not helpful to understanding the evidence and facts, *see* Fed. R. Evid. 702(a). Paragraph 9 provides:

> There are additional documents and materials that need to be
> reviewed in determining the path of the Note and Deed of Trust
> and its current location. I have not been able to review the

17- SUMMARY JUDGMENT REPLY, RESPONSE TO
   DEF.'S OBJECTIONS, AND PL.'S OBJECTIONS

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

> Prospectus, Supplements and Servicing Agreements to determine the proper entities for the securitizing trust to determine the requirements to assign mortgage loans as generally outlined in Section 2.01 of the agreement, as the trust has never been identified or specified.  These documents are pertinent to the claims and defenses in this matter as they are relevant to the validity of the Note, Deed of Trust, Assignments, and chain of title.

(Williams Aff. ¶ 9.)

First, the statement that additional documents and materials are needed to determine the "path of the Note" is inaccurate and not based on sufficient facts because all of the necessary facts for making this determination are in the Williams Affidavit—*i.e.*, there is a very clear chain of assignments of the Note.  (Williams Aff. ¶ 6(a)-(c), Exs. 1-3.)  Thus, the statement violates Federal Rule of Evidence 702(b).  The second sentence should be stricken because it is incomprehensible and, therefore, is not helpful to understanding the evidence and facts.  *See* Fed. R. Evid. 702(a).  Mr. Williams references "Section 2.01 of the agreement," but he fails to identify the agreement that appears to be central to this statement.  Moreover, Mr. Williams fails to draw any connection between the Prospectus, Supplements and Servicing Agreements and Ms. Fauley's loan.

The rest of this paragraph, including the portion of the first sentence regarding the Trust Deed, relates to erroneous legal theories and is not helpful to understanding the evidence and facts.  A "district court may exclude evidence relating to erroneous or inapplicable legal theories." *Nationwide*, 523 F.3d at 1060.  As with paragraphs 12 and 13, paragraph 9 relies upon the erroneous legal theory that the assignments of a note and deed of trust must occur in tandem.

LNV also takes issue with specific language in paragraph 8.  The first sentence of paragraph 8 is: "The chain of title for the Note and Deed of Trust is an absolute mess and incoherent at best."  (Williams Aff. ¶ 8.)  LNV moves to strike the words "Note and" from the foregoing sentence on the grounds that there are insufficient facts to support the opinion that the "chain of title" of the Note "is an absolute mess and incoherent at best."  An expert's testimony

18- SUMMARY JUDGMENT REPLY, RESPONSE TO
    DEF.'S OBJECTIONS, AND PL.'S OBJECTIONS

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

must be "based on sufficient facts or data."  Fed. R. Evid. 702(b).  Here, the facts stated in the

Williams Affidavit support the opposite conclusion.  (Williams Aff. ¶ 6(a)-(c), Exs. 1-3.)

## V.    CONCLUSION

Ms. Fauley has not asserted any affirmative defenses or counterclaims.  She has already

received discovery, and she has not justified the need for any more.  Furthermore, Ms. Fauley

has failed to raise any genuine issue as to any material fact.  In short, LNV has met its burden on

its motion for summary judgment, and it requests that its motion be granted.

DATED:  January 14, 2016

By: s/ Jeffrey Peterson
    **Erick J. Haynie**, OSB No. 982482
    EHaynie@perkinscoie.com
    **Jeffrey M. Peterson**, OSB No. 115723
    JeffreyPeterson@perkinscoie.com
    1120 N.W. Couch Street, Tenth Floor
    Portland, OR  97209-4128
    Telephone:  503.727.2000
    Facsimile:  503.727.2222

    *Attorneys of record for plaintiff*
    *LNV Corporation*

**Perkins Coie** LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222