IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LNV CORPORATION, a Nevada corporation,

        Plaintiff,

  v.

ROBYNNE A. FAULEY, a citizen of the State of Oregon; and U.S. BANK NATIONAL ASSOCIATION,

        Defendants.

No. 3:15-cv-01422-HZ

OPINION & ORDER

Erick J. Haynie
Jeffrey M. Peterson
Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209

    Attorneys for Plaintiff

OPINION & ORDER - 1

Robynne A. Fauley
12125 SE Laughing Water Road
Sandy, Oregon 97055

      Pro Se Defendant

HERNÁNDEZ, District Judge:

      Before the Court is Defendant Robynne Fauley's Emergency Motion for Stay and Abeyance. ECF 84. The Court previously granted Plaintiff summary judgment, permitting the foreclosure sale of Fauley's property. This case is currently on appeal to the Court of Appeals for the Ninth Circuit. *See* Appeal No. 16-35593. Fauley seeks a stay or abeyance of the March 14, 2017, Sheriff's sale of her property due to her urgent medical needs which she claims require her to remain at the property for approximately six months after the sale date. This Motion is properly before the Court pursuant to Rule 8 of the Federal Rules of Appellate Procedure and Rule 62 of the Federal Rules of Civil Procedure. Because Fauley has not demonstrated that she has a substantial case for relief on the merits, the Motion is DENIED.

## BACKGROUND

      At this point, the Parties are well acquainted with the facts of this case and the Court will not rehearse its entire background here. For purposes of this motion, it is relevant that the Court granted Plaintiff's motion for summary judgment, concluding that Plaintiff was the holder of the Note and Fauley had defaulted on her mortgage. Op. & Order, Apr. 18, 2016, ECF 52. The Motion currently before the Court is Fauley's second motion to stay. The Court previously denied Fauley's first Motion to Stay Judgment of Foreclosure Pending Appeal. ECF 72, 80. In that motion, Fauley claimed that she was entitled to a stay because she was likely to show on appeal that Plaintiff lacked standing and because she was going to suffer irreparable harm by

losing her property. The Court denied that motion, stating that "her appeal is meritless and her motion otherwise fails to meet the requirements for issuing a stay." Minute Order, Aug. 18, 2016, ECF 80.

Fauley's current Motion is based on the same appeal. What is different in this Motion is her claimed irreparable harm. Rather than focus on the loss of her property itself, Plaintiff now asserts that due to a recent diagnosis, she should be permitted to remain at the property to allow her time to undergo treatment and to recover. Specifically, Fauley was recently diagnosed with stage three breast cancer and her scheduled surgery date is March 16, 2017, just two days after the Sheriff's sale. Fauley Decl. ¶¶ 3–5, Ex. 1 at 2, ECF 84.  Fauley was first diagnosed with stage two breast cancer on January 30, 2017, and her diagnoses progressed to stage three as of this writing. *Id.* at ¶¶ 3, 5, Ex. 1 at 1–2, 9–12.

On February 23, 2017, Dr. Daisy Dhillon, who has treated Fauley for over fifteen years, wrote a letter on her behalf stating: "The recommended treatment will involve surgery, radiation therapy, and chemotherapy. Recovery from the initial surgery is expected to take six to eight weeks, with an additional three to four months of chemotherapy and convalescence for five to six months of total recovery time." *Id.* Ex. 2. Dr. Dhillon urges the Court to stay foreclosure until Fauley is "sufficiently recovered from this life-threatening disease." *Id.* Similarly, on February 21, 2017, Dr. John Helton, a chiropractor who has treated Fauley for approximately seven years, wrote that "Robynne is in a battle for her life. Fear that she will lose her home while she is in treatment is detrimental to the success of her treatment and recovery." Helton Decl., ECF 84. Dr. Helton explained that Fauley has "three aggressive malignant tumors and her surgeon wants to schedule surgery as soon as possible, but Robynne has delayed confirming a date because of the pending sale of her home." *Id.* Dr. Helton stated that "[f]ear and stress over the pending

Sheriff's sale of her home is her paramount distraction." *Id.* Dr. Helton also believes that: "The risk is that a Sheriff's sale of her home at this time will cost Robynne her life. . . . Any delay in surgery and treatment will undoubtedly decrease her odds of survival." *Id.*

## STANDARDS

Staying the "enforcement of a judgment pending the outcome of an appeal" is "part of [a federal court's] traditional equipment for the administration of justice." *Nken v. Holder*, 556 U.S. 418, 421 (2009). A stay pending appeal is not, however, "a matter of right." *Id.* at 427, 433. It is subject to the court's discretion, and is exercised only if warranted by the "circumstances of the particular case." *Id.* at 433. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34. Courts consider the following four traditional factors before issuing a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Golden Gate Rest. Ass'n v. City and Cnty. of S.F.*, 512 F.3d 1112, 1115 (9th Cir. 2008) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Courts have flexibility in balancing these factors "so long as a certain threshold showing is made on each factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Courts recognize that "the traditional stay factors contemplate individualized judgments in each case, [and] the formula cannot be reduced to a set of rigid rules." *Hilton*, 481 U.S. at 777.

In the Ninth Circuit, "[i]n ruling on a motion for a stay pending appeal, we employ two interrelated legal tests that represent the outer reaches of a single continuum." *Leiva-Perez*, 640 F.3d at 1115–16. The Ninth Circuit described the tests thusly:

> At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of

> irreparable injury. We have recently applied, as an alternative test at this end of the continuum, a test originally formulated for granting a preliminary injunction: (1) a strong likelihood of success on the merits, [and] (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted[.] At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor. *These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.* Further, we consider where the public interest lies separately from and in addition to whether the applicant [for stay] will be irreparably injured absent a stay[.]

*Id.* (internal quotation marks and citations omitted) (alterations in original) (emphasis added).

## DISCUSSION

The Court will consider each of the four traditional factors in turn.

**I.   Whether the Stay Applicant has made a Strong Showing That She is Likely to Succeed on the Merits**

In the Ninth Circuit, an applicant for a stay "must show, at a minimum, that she has a substantial case for relief on the merits." *Id.* at 968. A "substantial case on the merits" does not require the applicant to show that she is "more likely than not" to succeed on the merits. *Id.* at 967–68. The Ninth Circuit recognizes that there are many interchangeable articulations of the minimum requirement of this element, including: a "reasonable probability" or "fair prospect" or that "serious legal questions are raised." *Id.* at 968 (quotations and citations omitted). It is often difficult for courts to predict who is likely to succeed on the merits and "[t]he whole idea is to hold the matter under review in abeyance because the appellate court lacks sufficient time to decide the merits." *Nken*, 556 U.S. at 432.

Here, the Court has previously ruled that it found Fauley's appeal meritless. *See* Minute Order, Aug. 18, 2016. The central thrust of Fauley's appeal is that Plaintiff lacked standing to

OPINION & ORDER - 5

foreclose on her property. This issue was litigated and the Court granted summary judgment in Plaintiff's favor. *See* Op. & Order, Apr. 18, 2016. Plaintiff is the undisputed holder of the Note and Fauley was bound by the Trust Deed to perform her obligations. *Id.* at 5–7. Fauley writes that she is "likely to prevail on appeal" without explanation. Mot. for Stay at 4. Because Fauley's appeal is meritless, she has not shown that she has a substantial case for relief on the merits. The first two factors "are the most critical" for determining whether to grant a stay. *Nken*, 556 U.S. at 434. A stay applicant must make a threshold showing "on *each* factor." *Leiva-Perez*, 640 F.3d at 966. (emphasis added). Fauley has not demonstrated that she is likely to succeed on the merits. Therefore, the Court finds that she has not made the threshold showing required to obtain a stay.

## II.   Whether the Applicant Will be Irreparably Injured Absent a Stay

To obtain a stay, the applicant "must demonstrate that irreparable harm is probable if the stay is not granted." *Leiva-Perez*, 640 F.3d at 968. Irreparable injury is examined in light of individualized considerations. *Id.* at 969–70. Fauley argues that allowing the Sheriff's sale to proceed on March 14, 2017, will substantially impede her ability to receive potentially life-saving breast cancer surgery on March 16, 2017. She also asserts that relocating after the sale will interfere with her chemotherapy and radiation treatments as well as her recovery in general. In sum, Fauley's chance of surviving surgery and cancer treatment will be significantly reduced if she is forced to move days before her surgery.

Fauley has demonstrated that she is likely to suffer irreparable harm if the Sheriff's sale proceeds at its currently scheduled date. Fauley claims that she will be forced to either push back her surgery date or to undergo surgery while relocating. The stress of losing her home and relocating will undoubtedly strain Fauley's energy and resources that otherwise would be

focused on fighting cancer. The effects resulting from the Sheriff's sale would undoubtedly constitute irreparable harm.

### III. Whether Issuance of the Stay Will Substantially Injure the Other Parties Interested in the Proceeding

"A court asked to stay . . . cannot simply assume that ordinarily, the balance of hardships will weigh heavily in the applicant's favor." *Nken*, 556 U.S. at 436 (internal quotation marks and citation omitted). Plaintiff asserts that granting the stay will cause it to waste time, effort, and money litigating against a meritless appeal. Plaintiff also views the indefinite duration of Fauley's stay application as a request for free housing without a discernable end. To date, Fauley has remained at the disputed property for over four years for free. Fauley stated that she would need approximately six more months beyond the scheduled Sheriff's sale date to fully recover from her surgery and treatment. Given that Plaintiff has already waited for over four years to obtain the property, the Court finds that this factor is neutral.

### IV. Where the Public Interest Lies

"The public interest is not the same thing as the hardship . . . ." *Nat. Res. Def. Council, Inc. v. Winter*, 502 F.3d 859, 862 (9th Cir. 2007). Courts "consider 'where the public interest lies' separately from and in addition to 'whether the applicant [for stay] will be irreparably injured absent a stay[.]" *Id.* at 863 (quoting *Hilton*, 481 U.S. at 776). Plaintiff asserts that denying the stay will serve the public interest by promoting judicial economy and placing the disputed house back into the stream of commerce. Resp. at 5, ECF 86. The Court must weigh those interests against the public's interest in the health of one of its members. The resolution of this case will have negligible effects on the appellate court's docket and the stream of commerce. Accordingly, the Court finds that this factor is neutral.

Because Fauley has not made a strong showing that she is likely to succeed on the merits, the Court must deny her application for a stay. The Court sympathizes with Fauley's tragic circumstances and this unfortunate turn of events. However, it is not the function of the Court to require Plaintiff to provide Fauley free housing for an additional six months.

## CONCLUSION

Defendant's Emergency Motion for Stay and Abeyance [84] is DENIED.

Dated this \_\_8\_\_ day of \_\_March\_\_, 2017.

_____
MARCO A. HERNÁNDEZ
United States District Judge

OPINION & ORDER - 8